UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | : | Case No. 2:24-cv-4184 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| DRC—DIRECTOR ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## DEFICIENCY ORDER

Plaintiff has filed a *pro se* civil action in this Court against fifteen defendants. On November 22, 2024, a Notice of Deficiency was entered, directing Plaintiff to correct deficiencies with his filing within thirty days. (Doc. 2).

On December 5, 2024, Plaintiff filed an Amended Complaint (Doc. 3). *See* Fed. R. Civ. P. 15(a). On December 27, 2024, Plaintiff partially complied with the Notice of Deficiency by filing a Motion for Leave to Proceed *In Forma Pauperis* and a civil cover sheet. (Docs. 4; 5). However, the Motion for Leave to Proceed *In Forma Pauperis* in incomplete.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Here, Plaintiff has failed to provide the "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without

Prepayment of Fees form that is used in this Court), completed and signed by the institutional cashier or a certified copy of his trust fund account statement (or institutional equivalent) as required by the PLRA.[1]

Plaintiff is therefore **ORDERED** to pay $405 ($350 filing fee plus $55 administrative fee) or submit to the Court a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including the "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court), completed and signed by the institutional cashier, and a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period **within thirty (30) days** of the date of this Order.

**If Plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution.** *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*. Should Plaintiff need additional time to comply with this Order, he should file a motion for an extension of time.

The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form.

The **CLERK OF COURT** is further **DIRECTED** to send a copy of this Order to the cashier of the prison at which Plaintiff is confined.

---

[1] Although Plaintiff has provided an Inmate Demand Statement (*see* Doc. 4-1), the Inmate Demand Statement is not certified. *See* 28 U.S.C. § 1915(a)(2).

2

Plaintiff is also **ORDERED** to keep the Court apprised of any changes to his address during the pendency of this case.

**IT IS SO ORDERED.**

March 12, 2025                                                            *s/Peter B. Silvain, Jr.*
                                                                                        Peter B. Silvain, Jr.
                                                                                        United States Magistrate Judge