# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| BRIAN KEITH ALFORD, | : Case No. 2:24-cv-4184 |
| Plaintiff, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| DRC DIRECTOR ANNETTE CHAMBERS-SMITH, *et al.*, | : |
| Defendants. | : |

# ORDER and
# REPORT AND RECOMMENDATION[1]

Plaintiff, Brian Keith Alford, a former federal prisoner currently in state custody at the Ross Correctional Institution (RCI), brings this prisoner civil rights action under 42 U.S.C. §§ 1983 and 1985 against the following eighteen Defendants: Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, ODRC Chief Medical Examiner Dr. Andrew Eddy (alternatively spelled "Eddie" by Plaintiff), RCI Warden William Cool, Ohio Court of Claims Magistrate Gary Wynn Peterman, attorneys Patricia Horner, Joseph Sobecki, and Mary Vonderwell, RCI Inspector Todd Diehl, RCI investigator N. Neff, RCI Unit Managers C. Spencer, B. Williams, R. Huff, and Lori Peterman, RCI Sergeants B. Stamper and B. Smith, RCI Principal Stegall, RCI Officer Farley, and RCI Secretary Ms. Drieabach (alternatively spelled "Driesbach" by Plaintiff). (Doc. 14, at PageID 109, 111-14). This matter is before the Court on Plaintiff's motions to proceed *in forma pauperis* (Docs. 4; 12) and his motion for issuance of an order to the prison cashier (Doc. 10).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Previously, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), the Court entered a Deficiency Order (Doc. 7) directing Plaintiff to provide the "Certificate" page (page 8 of the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court), completed and signed by the institutional cashier, and a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period. *See* 28 U.S.C. § 1915(a). Plaintiff responded with two non-certified account statements (Docs. 4-1; 12) and a motion to compel the RCI cashier to provide the requested information (Doc. 10). The Court would ordinarily pursue its request for the required account information; however, because the Court finds that Plaintiff is barred from proceeding in this case by the "three-strikes rule," *see* 28 U.S.C. § 1915(g), it **RECOMMENDS** that Plaintiff's motions to proceed *in forma pauperis* (Docs. 4; 12) be **DENIED** "as is" and that Plaintiff's motion to compel the cashier to provide the requested account information (Doc. 10) be **DENIED as moot.**

## I. The "Three-Strikes" Provision of the PLRA

Plaintiff is a frequent filer in this Court. Since 1997, he has initiated nineteen civil rights actions. This Court has previously found that Plaintiff has accumulated "three strikes" under the PLRA and denied his requests to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). *See, e.g., Alford v. Mohr*, No. 1:15-cv-645 (S.D. Ohio Jan. 22, 2016) (ordering Plaintiff to pay the full filing fee based on plaintiff's previous dismissals); *Alford v. Chambers-Smith*, No. 2:20-cv-3879 (S.D. Ohio Jan. 19, 2021) (same); *Alford v. Schweitzer*, No. 2:22-cv-1652 (S.D. Ohio July 11, 2022) (same).

Since those denials, the Sixth Circuit decided *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), clarifying the requirements for a strike under the PLRA. Consequently, the Court revisits Plaintiff's classification as a three-striker.

### A. *Crump's Effect on the Three-Strikes Rule*

The Court has previously found:

Generally, a filing fee is required to initiate a federal lawsuit. *See* 28 U.S.C. § 1914(a). If, however, a litigant cannot afford to pay, a litigant may file a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). If granted *in forma pauperis* status, the Court may waive the fee entirely, require only partial payment, or order periodic payments over time. *Id.*; *see also* 28 U.S.C. § 1915(b)(1)–(4).

But different rules apply to prisoners. The statute requires that prisoners bringing civil actions pay the filing fee in full, though it can be paid in periodic installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604–08 (6th Cir. 1997) (explaining how filing fees and costs are calculated and assessed for prisoners). And there is more. Concerned that the payment structure would not be enough of an impediment against "frivolous and vexatious prisoner litigation," Congress included a three-strikes provision. *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The rule provides "that a prisoner may not 'bring a civil action or appeal a judgment' *in forma pauperis* if the prisoner has three or more times 'brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted.'" *Crump*, 121 F.4th at 1110–11 (quoting 28 U.S.C. § 1915(g)).

In the nearly thirty years since its enactment, courts have assessed strikes under the PLRA to prisoners whose complaints were dismissed outright. *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998) (noting the PLRA was enacted in 1996). This includes complaints encompassing both claims "covered by" the PLRA and claims "not covered by" PLRA—"mixed-claim actions" as the Sixth Circuit has named them. 121 F.4th at 1110; *see, e.g.*, *Coleman v. Tollefson*, 733 F.3d 175, 178 (6th Cir. 2013) (assessing three strikes after successive complaints were dismissed on immunity and pleading standards grounds, and where the courts declined to exercise supplemental jurisdiction over state-law claims); *Boles v. Matthews*, No. 97-5874, 173 F.3d 854 (Table), 1999 WL 183472, at *2 (6th Cir. Mar. 15, 1999) (unpublished table decision) (assessing a third strike where the district court dismissed the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine); *cf. Simons v. Washington*, 996 F.3d 350, 354 (6th Cir. 2021) (declining to overrule the assessment of a strike where the district court dismissed the prisoner's federal claims on the merits and declined to exercise supplemental jurisdiction over his state-law claims).

Then, in 2024, Horace Crump challenged the district court's denial of his *in forma pauperis* request on the basis that he had accumulated three strikes. *Crump*, 121 F.4th at 1110. The Sixth Circuit agreed that two of his previous actions should not be assessed as strikes under the PLRA because they were "mixed-claim" actions. *Id.* at 1110, 1112. The panel explained its logic.

3

Crump's first challenged strike was assessed in a case where the district court dismissed Crump's federal claims for failure to state a claim. *Id.* at 1112 (citation omitted). The district court concurrently declined to exercise supplemental jurisdiction over his related state-law claims. *Id.* (citation omitted). The Sixth Circuit held this dismissal was not a strike "because the dismissal of Crump's state-law claims falls outside of the three-strikes rule's enumerated grounds, [so] his action does too." *Id.* at 1112. In other words, the fact that the decision was "mixed" was fatal to the strike assessment.

Similarly, Crump's second challenged strike was assessed in a case where some of Crump's federal claims were dismissed for failure to state a claim, while others were barred by Eleventh Amendment sovereign immunity. *Id.* (citation omitted). This, too, was outside the PLRA's strike zone because Eleventh Amendment immunity "does not appear on the list of grounds for a cognizable strike." *Id.* at 1112–13. Put another way, "[a]n Eleventh Amendment dismissal does not necessarily count as frivolous. It does not necessarily count as malicious. And it does not count as a failure to state a claim." *Id.* at 1112 (also noting dismissals under Eleventh Amendment immunity fall under Rule 12(b)(1) purview for "lack of subject-matter jurisdiction," not Rule 12(b)(6)'s "failure to state a claim" language); *see also Jones v. Lineberry*, No. 24-5684, 2025 WL 521313, at *1–2 (6th Cir. Feb. 10, 2025) (holding that complaints dismissed under the *Rooker-Feldman* doctrine or on judicial immunity grounds should not be assessed as strikes). So, again, the "mixed" nature of the dismissal did not allow the lower court to assess a strike. The Sixth Circuit ultimately remanded the case for further consideration of Crump's *in forma pauperis* status. *Crump*, 121 F.4th at 1115.

All in all, *Crump* stands for the notion that "all claims in a complaint, not just some of them, must be dismissed on grounds listed in the [PLRA] for the dismissal to count as a strike." *Id.* at 1111; *see also Jones*, 2025 WL 521313, at *2 (not assessing strikes where complaints were "dismissed in whole or in part for grounds other than those listed in the PLRA's three-strikes provision."). This holding upends years of strike assessment jurisprudence in the lower courts and reigns in the Sixth Circuit's own strike-related precedent. *Crump*, 121 F.4th at 1113 (citing *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007) (assessing a strike where the prisoner's claims were dismissed for failure to exhaust and failure to state a claim)). And litigants now have a strike workaround. As the *Crump* panel acknowledged, prisoners can now add "meritless state-law claims or claims against immune defendants to their federal claims to try to avoid strikes." 121 F.4th at 1114. To avoid this result, the panel advised that "[a] district court facing that situation retains the authority to dismiss such a claim, label the claim as frivolous, and assess a strike." *Id.* at 1114–15.

Practically, however, this approach raises its own problems. For example, more often than not, to label a state-law claim as frivolous, a district court must necessarily reach the claim itself. This is at odds with what district courts have

4

been instructed to do when presented with state-law claims. "The Supreme Court has cautioned that 'a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties.'" *Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 486 F.Supp.3d 1173, 1195 (S.D. Ohio 2020) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). Therefore, if a district court dismisses a plaintiff's federal claims, "it should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *see also Crump*, 121 F.4th at 1115–16 (Readler, J., concurring) (saying the "traditional 'rule of thumb'" is to decline to adjudicate state-law claims if the federal claims are dismissed before trial). In fact, courts should do so only when judicial economy overwhelmingly "outweigh[s] [the] concern over needlessly deciding state law issues." *Moon*, 465 F.3d at 728 (internal quotation omitted); *see also Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) (stating only "overwhelming interests in judicial economy" allow courts to decide state-law claims once federal claims are dismissed); *Durant v. Servicemaster Co.*, 109 F. App'x 27, 31 (6th Cir. 2004) (finding the court would have abused its discretion if it exercised supplemental jurisdiction over certain state-law claims). On these principles, it is unlikely that the lower courts pre-*Crump* would have elected to reach state-law claims in a PLRA-complaint if all federal claims were dismissed. But for future cases, as here, *Crump* requires district courts to choose between these competing directives.

Issues of immunity present a similar dilemma. As noted in *Crump*, "[t]here is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction." 121 F.4th at 1113 (quoting *Thompson v. DEA*, 492 F.3d 428, 437 (D.C. Cir. 2007)); *see also Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 492 (6th Cir. 2011) ("[A] prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is 'no possible ground upon which a reasoned argument can be made to sustain [ ] jurisdiction.'" (citation omitted)). Yet the concepts of immunity, jurisdiction, and frivolity are not always clear-cut. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding a complaint "is frivolous where it lacks an arguable basis either in law or in fact"); *Cohen*, 439 F. App'x at 491–92 (assessing three strikes and finding a complaint was frivolous on appeal, even though the complaint was originally dismissed for lack of jurisdiction); *Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *compare Jones*, 2025 WL 521313, at *2 (considering a dismissal based on "absolute judicial immunity" and concluding "[a] dismissal based on immunity . . . does not count as a PLRA strike") *with Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (Thapar, J., concurring) ("[J]udicial immunity isn't a jurisdictional doctrine; it's an affirmative defense that goes to the merits."). The overlap will likely necessitate circular parsing of past PLRA screens to determine whether a dismissal qualifies as a strike.

> What's more, the panel's proposal that the district courts simply label a claim against an immune party as frivolous suggests that lower courts could or should leapfrog over "threshold issues of judicial administration," *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015), like subject-matter jurisdiction, to overcome a "strike proofed" complaint. *See also Rogers v. Stratton Ind., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986) ("[I]f a court does not have jurisdiction, ipso facto, it cannot address the merits of a complaint."). While judicial efficiency may have guided district courts to rest dismissals solely on these threshold issues in the past, now "giving cases more attention at the front end to ensure that strikes are properly awarded" must take priority. *Crump*, 121 F.4th at 1116 (Readler, J., concurring).
>
> Going forward, courts now have the benefit of *Crump*'s guidance. Past opinions avoiding state-law questions or applying immunities, however, cannot be rewritten. Instead, the Court must, as here, reassess those decisions under *Crump*.

*Taper v. Branch*, No. 1:24-cv-600, 2025 WL 999629, at *2–5 (S.D. Ohio Apr. 3, 2025), *report and recommendation adopted*, No. 1:24-cv-600, 2025 WL 1141888 (S.D. Ohio Apr. 16, 2025).

### B. Plaintiff's Past Cases

As discussed above, the Court previously determined that Plaintiff has accumulated three strikes. *See Alford*, No. 1:15-cv-645; *Alford*, No. 2:20-cv-3879; *Alford*, No. 2:22-cv-1652. Applying *Crump*, the Court remains convinced that Plaintiff has at least the following three strikes: *Alford v. Wilkinson*, No. 2:97-cv-997 (S.D. Ohio) (dismissed October 29, 1997); *Alford v. Wilkinson*, No. 2:98-cv-226 (S.D. Ohio) (dismissed February 27, 1998); and *Alford v. Rice*, No. 3:10-cv-424 (S.D. Ohio) (dismissed January 28, 2011).

In Case No. 2:97-cv-997, affirmed by the Sixth Circuit in *Alford v. Wilkinson*, No. 97-4378, 1999 WL 97632 (6th Cir. Feb. 3, 1999), the District Court dismissed Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A because it "failed to state a viable constitutional claim." (Case No. 2:97-cv-997 (Doc. 8, *PageID* 8)). Because the complaint was dismissed in its entirety for failure to state claim, a ground expressly enumerated in the PLRA's strike provision, *see* 28 U.S.C.

6

§ 1915(g), it continues to constitute a strike under *Crump*. This is so even though it was dismissed without permitting amendment. *Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013).

In Case No. 2:98-cv-226, affirmed by the Sixth Circuit in *Alford v. Wilkinson*, No. 98-3384, 1999 WL 644375 (6th Cir. Aug. 17, 1999), the District Court dismissed Plaintiff's civil rights complaint, filed under 42 U.S.C. § 1983, for failure to state a claim upon which can be granted pursuant to 28 U.S.C. § 1915A because, among other things, it was barred by the statute of limitations. (Case No. 2:98-cv-226 (Doc. 4)). Because the complaint was dismissed for failure to state claim, a ground expressly enumerated in the PLRA's strike provision, *see* 28 U.S.C. § 1915(g), it also continues to constitute a strike under *Crump*. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (finding that a complaint that brings time-barred claims is subject to dismissal); *see also Sorezo v. Washington*, No. 1:24-cv-1256, 2024 WL 5198936, at *2 n.3 (W.D. Mich. Dec. 23, 2024) (relying on alternative dismissal analysis to assess strike under *Crump*).[2]

In Case No. 3:10-cv-424, dismissed by the Sixth Circuit for failure to pay the filing fee in *Alford v. Rice*, No. 11-3148 (6th Cir. Jan. 10, 2012), the District Court dismissed Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 325 (1983), because, among other things, "the statute of limitations ha[d] long since run on all the claims in th[e] case." (Case No. 3:10-cv-424 (Doc. 4, *PageID* 190; Doc. 9, *PageID* 421)). In dismissing the case, the District Court found it to be "frivolous," another ground expressly enumerated in the PLRA's strike provision. *See* 28 U.S.C.

---

[2]Because the Court in Case No. 2:98-cv-226 found that the entirety of Plaintiff's case was barred by the statute of limitations, itself a sufficient ground for dismissal, this Court need not reach the issue of whether the alternative basis given for dismissing Plaintiff's complaint, *res judicata*, would also support a strike. *See Sorezo,* 2024 WL 5198936, at *2 n.3. *See also Lamon v. Pfeiffer,* No. 1:20-cv-896, 2021 WL 3602144, at *4-5 (E.D. Cal. Aug. 13, 2021) ("Several different courts . . . have concluded that a dismissal based on *res judicata* may constitute a strike under the PLRA if the prior court's determination demonstrates that *res judicata* was a fully sufficient condition to warrant dismissal.") (citing cases).

7

§ 1915(g). This case therefore likewise continues to constitute a strike under *Crump*. *See Dellis,* 257 F.3d at 511; *Sorezo,* 2024 WL 5198936, at *2 n.3.[3]

### C. Imminent Danger

In view of his three strikes, Plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." To satisfy this exception to the three strikes rule, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the [initial] complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). *See also McFadden v. Noeth*, 827 Fed. App'x 20, 25 (2d Cir. 2020) (holding that, "in determining whether 'imminent danger' exists we 'constru[e] [the prisoner's] initial and amended complaints to raise the strongest arguments that they suggest' and analyze whether 'the facts alleged support a finding that he was in imminent danger at the time he filed his *initial* complaint.'") (alterations and emphasis added in original). Neither an assertion of past danger, *Rittner*, 290 F. App'x at 797–98, nor speculative future harm, *Shephard v. Marbley*, 23 F. App'x 491, 492 (6th Cir. 2001), are sufficient to invoke the exception. Moreover, the type of physical injury alleged by a plaintiff must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" under § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

In light of the above standards, "the only relevant allegations" to determining whether Plaintiff meets the imminent-danger exception "are those in which [Plaintiff] describes physical

---

[3] As above, because the Court in Case No. 3:10-cv-424 found that the entirety of Plaintiff's case was barred by the statute of limitations, this Court need not determine whether any of the alternate bases given for dismissing Plaintiff's complaint would also support a strike. *See Sorezo,* 2024 WL 5198936, at *2 n.3.

injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010). Here, considering the three complaints Plaintiff has filed in this case (Docs. 1; 13; 14), Plaintiff's relevant allegations fall into two categories: (1) allegations regarding his housing situation at the time he initiated the case; and (2) allegations regarding his medical treatment for hepatitis-C at the time he initiated the case. (*See* Doc. 14, *PageID* 114-15, 118). Because his remaining allegations concern claims of wrongful placement on academic probation, legal malpractice and misconduct in a separate case, violation of the Public Records Act, improper investigation of grievances, judicial and other interference with his testifying in another prisoner's case, interference with his legal cases, interference with visitation and his commissary account, continuation of his parole date, destruction of property, denial of access to the law library, and false conduct violations (*see id.*, *PageID* 116-23), they do not implicate his physical safety and thus do not support a finding of imminent danger. *See Gresham*, 938 F.3d at 850; *see also Chavis*, 618 F.3d at 169.

As for the first relevant group of allegations, Plaintiff asserts that, at the time he filed his initial Complaint in November 2024, he had recently been moved back to RCI housing unit 1A, where he had previously lived in February 2024. (Doc. 14, *PageID* 114). According to Plaintiff, he complained about his return to this housing unit to Defendants B. Williams, C. Spencer, and B. Stamper, but "remain[ed] in the same situation as before." *Id*. As to his "situation," it appears that Plaintiff is referring to a prior move on February 2, 2024, where he was allegedly housed in unit 1A "with a known PREA and homosexual inmate who smoked intoxicants." (Doc. 14, *PageID* 114). More specifically, Plaintiff alleges that on February 15, 2024, the cellmate smoked intoxicants and "had a complete episode." *Id*. Plaintiff also alleges that, although the cellmate "caus[ed] multiple damage to himself," he "accused [Plaintiff] of causing the damage" and also of

9

"touching his buttocks." *Id*. Plaintiff asserts that the incident was investigated, that neither he nor his cellmate received any charges, and that Plaintiff was moved to a different housing unit and "told not to say or do anything to" his former cellmate. *Id*. Plaintiff additionally alleges that he "was forced to lose property, the ability to timely file documents with the Courts, [and] subjected to ridicule and shame." *Id*. at 115.

These allegations are insufficient to invoke the imminent danger exception. Assuming, for the purposes of this Order and Report and Recommendation only, that at the time he filed this case Plaintiff was moved back to the same cell in housing unit 1A as before, he merely alleges the "possibility" that his cellmate "might pose a risk of injury." *White v. McKee*, No. 1:16-cv-601, 2016 WL 3226030, at *4 (W.D. Mich. June 13, 2016), *aff'd,* No. 16-2066, 2017 WL 3165081 (6th Cir. July 13, 2017). And given that the only allegations of physical harm in February 2024 were to Plaintiff's cellmate, not to Plaintiff, that "possibility" is "neither sufficiently real nor sufficiently proximate to satisfy the requirements necessary to fit within the imminent danger exception." *Id*. *See also Rittner*, 290 F. App'x at 797–98 (speculative future harm is insufficient to invoke the imminent danger exception).

As for the second relevant group of allegations, Plaintiff asserts, with little detail, that Defendant ODRC Chief Medical Examiner Dr. Eddy has denied him treatment for hepatitis C since 2011 and that he now has a vitamin B-12 deficiency. (Doc. 14, *PageID* 118). Although "alleging a danger of serious physical injury as a result of being presently denied adequate medical treatment" can satisfy the imminent-danger exception, *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 582-83 (6th Cir. 2013), Plaintiff's conclusory allegations are insufficient to do so. *See id.* at 585 ("To that end, 'district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory[.]'") (quoting *Rittner,* 290

10

F. App'x at 798) (alterations in original). Plaintiff may be dissatisfied with his hepatitis-C treatment but he nowhere alleges that he is being denied all medical treatment for this condition or for his vitamin B12 deficiency.[4] This is important because, as the Sixth Circuit found in affirming the dismissal of a previous attempt by Plaintiff to challenge his hepatitis-C treatment at the Toledo Correctional Institution (ToCI), "[w]hen, as here, a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Alford v. Zilles*, No. 22-3416, 2023 WL 3696315, at *2 (6th Cir. May 22, 2023) (internal quotation marks omitted). A dispute over the adequacy of medical treatment is also not enough to invoke the imminent danger exception to the three-strikes rule. *See Freeman v. Mohr*, No. 2:11-cv-878, 2012 WL 5378827, at *4 (S.D. Ohio Oct. 30, 2012), *report and recommendation adopted*, 2013 WL 434023 (S.D. Ohio Feb. 5, 2013) (citing cases). Because Plaintiff's allegations regarding his hepatitis C treatment suggest merely a dispute over the adequacy of his treatment, they are insufficient to invoke the imminent danger exception.

As set forth above, the remainder of Plaintiff's allegations likewise fail to suggest any imminent harm to him at the time he filed this action. (*See* Doc. 14, *PageID* 116-23).

---

[4]The Court also notes that to the extent Plaintiff asserts that a doctor opined in October 2024 that neuropathy in his legs and feet is caused by a vitamin B-12 deficiency (*see* Doc. 14, *PageID* 118), evidence submitted by the defendants in a recent case involving claims of deliberate indifference to Plaintiff's serious medical needs while at ToCI establishes that "[Plaintiff] has received consistent care for his vitamin B 12 deficiency since his diagnosis." *Alford v. Zilles*, No. 3:21-cv-1123 (N.D. Ohio) (Doc. 62-1, *PageID* 276, ¶ 11) (summary judgment entered against Plaintiff on June 2, 2025 (Docs. 70; 71)). The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Given the conclusory nature of Plaintiff's allegations herein, the Court need not determine whether his claims against Defendant Eddy would be barred by *res judicata* under Case No. 3:21-cv-1123 (N.D. Ohio) (Docs. 18; 70; 71). *See Theriot v. Woods*, No. 2:18-CV-92, 2019 WL 409507, at *6 (W.D. Mich. Feb. 1, 2019) (setting forth the elements of *res judicata*).

**II.     Conclusion**

Because Plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motions to proceed *in forma pauperis* (Docs. 4; 12) be **DENIED** and he be ordered to pay the full $405 fee ($350 filing fee plus $55 administrative fee) required to commence this action within thirty (30) days, and that Plaintiff be notified that his failure to pay the full $405 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002);

2. Plaintiff's motion for issuance of an order to the prison cashier (Doc. 10) be **DENIED as moot**; and

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

For clarity in this Court's records, the **CLERK OF COURT** shall add RCI Secretary Ms. Drieabach (*see* Doc. 14, *PageID* 108) as a Defendant to the docket of this case.

October 14, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).